# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA DICKINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MOBILE COUNTY, ALABAMA; | ) |
| MOBILE COUNTY SHERIFF SAM | ) CASE NO. 1:19-cv-00706-JB-B |
| COCHRAN; METRO JAIL WARDEN | ) |
| NOAH PRICE "TREY" OLIVER, III; et al, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT MOBILE COUNTY'S
## MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant MOBILE COUNTY, ALABAMA (hereinafter the "County"), by and through undersigned counsel, files this brief in support of its motion to dismiss Plaintiff's Third Amended Complaint (Doc. 51) pursuant to Fed. R. Civ. P. 12(b)(6).

As an initial matter, the County adopts and incorporates its Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 33) as if fully stated herein pursuant to Fed. R. Civ. P. 10(c). The County believes the same grounds and authority submitted in its motion to dismiss the Second Amended Complaint apply with equal force to the Third Amended Complaint, which primarily adds additional individual defendants and corporate defendant Naphcare, Inc., and introduces an excerpt from an 11-year-old letter from the U.S. Department of Justice relating to on-site inspections at the MCMJ that occurred over sixteen (16) years ago. (Doc. 51 at ¶ 63.)

By amending his complaint a third time, Plaintiff has now alleged that additional parties, individual and corporate, are responsible for his injuries. These new claims include alleged

failures by Defendants Naphcare and Holsten to "meet the standard of care applicable to inmates," implement "adequate policies and procedures," and "mak[e] housing assignments or recommendations that do not endanger inmate safety." (*Id*. at ¶ 98.) These additional allegations add to the numerous allegations Plaintiff has made against Defendants Cochran and Oliver that relate to the daily operation of the jail, of which the County has no responsibility under Alabama law. *See Marsh v. Butler County*, 268 F.3d 1014, 1027 (11th Cir. 2001) ("Alabama counties have no responsibility for daily operation of county jails and no authority to dictate how jails are run…") For the County to be liable, its failure to maintain the jail must be the "moving force" behind the constitutional deprivation. *Okla. City v. Tuttle*, 471 U.S. 808, 819 (1985) (plurality opinion) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). If all allegations in the Third Amended Complaint, including all the allegations made against the individual defendants and Naphcare, are accepted by the Court as true for purposes of reviewing the County's motion to dismiss, it cannot reasonably be concluded that the County's alleged failure to maintain the physical plant of the jail was the "moving force" behind Plaintiff's injuries.

Plaintiff's claim against the County remains focused on an attempt to show a causal connection between the physical size of the inmate processing area and the subject attack, with an unsupported conclusory statement that the County "had been aware for years" that the size of the processing area was a problem. (Doc. 51 at ¶¶ 59-61.) The addition of an excerpt from the 2009 DOJ letter (*Id*. at ¶ 63) does nothing to support Plaintiff's claim that the County had such notice, as it related only to issues of daily operation for which the County cannot be liable. *Marsh*, 268 F.3d at 1027. The full DOJ letter, which Plaintiff references by website link in the Third Amended Complaint, includes a section on "Recommended Remedial Measures," under which there is a

subsection on "Security, Supervision, and Protection From Harm."[1] Of the six (6) DOJ recommendations regarding protection from harm, none of them include increasing the size of the inmate processing area or making any other physical modifications to the size of the MCMJ, and each of them relate to daily operations for which the County cannot be liable. Accordingly, the DOJ letter cannot be construed to show notice to the County that the alleged insufficient size of the inmate processing area "so obviously" created unreasonably unsafe conditions and that the County's policymakers were "deliberately indifferent" to the same. *See Vinson v. Clarke County*, 10 F. Supp. 2d 1282, 1300 (S.D. Ala. 1998) (citing *City of Canton v. Harris*, 489 U.S. 378, 396 (1989)).

Plaintiff's mere conclusory allegations as stated in Count I of the Third Amended Complaint are insufficient to support a maintainable claim under § 1983, and there are likewise no actual facts alleged which are sufficient to plausibly support a claim of actual "deliberate indifference" by the County. *Wyke v. Polk Cty. Sch. Bd.*, 129 F.3d 560, 568 (11th Cir. 1997) ("to prevail on a § 1983 claim against a local government entity, a plaintiff must prove both that her harm was caused by a constitutional violation and that the government entity is responsible for that violation," and the government as an entity is responsible under § 1983 "[only] when [the] execution of [its] policy or custom … inflicts the injury"). Because Plaintiff has not met his burden of identifying a County "policy or custom" that caused the deprivation at issue, his § 1983 claim against the County should be dismissed.

Respectfully Submitted,   */s/ A. Patrick Dungan*
JAY M. ROSS (ROSSJ6378)
NEAL C. TOWNSEND (TOWNN0210)
A. PATRICK DUNGAN (DUNGA0951)
*Attorneys for Mobile County*

---

[1] https://www.justice.gov/sites/default/files/crt/legacy/2010/12/15/MCMJ_findlet_01-15-09.pdf at pp. 39-41.

**OF COUNSEL:**
ADAMS AND REESE LLP
11 North Water Street, Suite 23200
Mobile, Alabama 36602
(251) 433-3234 (phone)
(251) 438-7733 (facsimile)
neal.townsend@arlaw.com
patrick.dungan@arlaw.com
jay.ross@arlaw.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 21st day of January, 2020, the foregoing document was filed using the CM/ECF system which will send notice to counsel listed below:

Henry Brewster, Esq.
HENRY BREWSTER, LLC
205 N. Conception St.
Mobile, AL 36602
hbrewster@brewsterlaw.com
*Attorney for Plaintiff*

Henry F. Sherrod, III, Esq.
HENRY F. SHERROD, III, P.C
119 South Court Street
Florence, AL 35630
hank@alacivilrights.com
*Attorney for Plaintiff*

K. Paul Carbo, Jr., Esq.
Michael M. Linder, Jr., Esq.
THE ATCHISON FIRM, P.C.
3030 Knollwood Dr.
Mobile, AL 36693
paul.carbo@atchisonlaw.com
michael.linder@atchisonlaw.com
*Attorneys for Sheriff Cochran and Warden Oliver*

                */s/ A. Patrick Dungan*
                OF COUNSEL