# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA DICKINSON, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:19-cv-00706-JB-B |
| MOBILE COUNTY, ALABAMA; et al, | ) |
| Defendants. | ) **JURY DEMAND** |

### PLAINTIFF'S RESPONSE TO THE MOTIONS TO DISMISS OF DEFENDANTS COCHRAN, OLIVER, AND MOBILE COUNTY, ALABAMA

Plaintiff has filed a Third Amended Complaint which adds defendant parties and claims against those parties. In response, Defendant Sam Cochran and Noah Price Oliver, III filed a Motion to Dismiss Plaintiff's Third Amended Complaint (Doc.55, PageID.299-301)[1] Defendant Mobile County, Alabama also filed a Motion to Dismiss to Plaintiff's Third Amended Complaint. (Doc.57, PageID.303-306). All three Defendants filed a brief largely renewing their original briefs in support of their prior motions to dismiss, and Plaintiff herein files his response to said motions.

Essentially, Plaintiff reiterates and incorporates by reference Plaintiff's

---

[1] The added correctional defendants as well as Naphcare and employee have not to date filed a motion to dismiss.

1

Response to the Defendants earlier Motions to Dismiss.  (Doc.49, PageID.242-260).

    A.    **Correctional Staff are Obligated under the Fourteenth Amendment to Protect their Detainees from Inmate-on Inmate Violence**

The Plaintiff alleges that the Defendants failed to protect him from serious harm and a substantial risk of serious harm, conduct which violates the Eighth and Fourteenth Amendment.  *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Helling v. McKinney*, 509 U.S. 25, 33-35 (1993); *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014).  The substantial risk of serious harm to inmates is determined based upon the totality of all the various conditions that make a detention environment unsafe, or rife with violence.  *Laube v. Haley*, 234 F. Supp. 2d 1227, 1245 (M.D. Ala. 2002); *see also Helling*, 509 U.S. at 33.  The ban on cruel and unusual punishment applies to "the treatment a prisoner receives and the conditions under which he is confined."  *Farmer*, 511 U.S. at 832; *Bass v. Perrin*, 170 F.3d 1312, 1316 (11th Cir. 1999).

Plaintiff alleges that Metro Jail was overcrowded and had been overcrowded for an inordinate length of time.  While overcrowding is not an Eighth Amendment violation on its own, it can cause and exacerbate unconstitutional conditions. *See Rhodes v. Chapman*, 452 U.S. 337, 347-50 (1981); *Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004); *French v. Owens*, 777 F.2d 1250, 1252-53 (7th Cir. 1985).  Overcrowding in the California State Prison System had so overtaken the limited resources of prison staff that it imposed demands well beyond the capacity of medical and mental health facilities and created unsanitary and unsafe conditions.  *Brown v.*

*Plata*, 563 U.S. 493, 518-19 (2011).  The previous Mobile County Jail, itself, was subject to a finding of contempt when the County failed to correct constitutional conditions of overcrowding.  In *Mobile County Jail Inmates v. Purvis*, the district court entered a finding of contempt when the county failed to correct unconstitutional conditions of overcrowding. *Mobile Cty. Jail Inmates v. Purvis*, 551 F. Supp. 92, 94 (S.D. Ala. 1982).  The Eleventh Circuit later affirmed. *Mobile Cty. Jail Inmates v. Purvis*, 703 F.2d 580 (11th Cir. 1983) (unpublished table decision).  *See also Maynor v. Morgan County*, 147 F. Supp. 2d 1185 (S.D. Ala. 2001).  In Alabama prisons, overcrowding combined with understaffing is driving prisoner-on-prisoner violence. *See Laube*, 234 F.Supp.2d at 1245.

Overcrowding engenders correctional understaffing and inadequate supervision, which results in a substantial risk of harm to the inmates.  *See Alberti v. Klevenhagen*, 790 F.2d 1220, 1227-28 (5th Cir. 1986); *Ramos v. Lamm*, 639 F.2d 559, 573 (10th Cir. 1980) ("Violence and illegal activity between inmates . . . is further facilitated by the inadequacy of the staffing levels."); *Van Riper v. Wexford Health Sources, Inc.*, 67 F. App'x 501, 505 (10th Cir. 2003) ("When prison officials create policies that lead to dangerous levels of understaffing and, consequently, inmate-on-inmate violence, [there is a violation of the Eighth Amendment.]").

The Eighth and Fourteenth Amendments' ban on cruel and unusual punishments requires that Metro Jail "take reasonable measures to guarantee the safety" of all prisoners.  *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27

3

(1984)). When a state takes a person into custody, the Constitution imposes upon the state a corresponding duty to assume some responsibility for his safety and well-being. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citing *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 199-200 (1989)). The Eleventh Circuit has held that "an excessive risk of inmate-on-inmate violence . . . creates a substantial risk of serious harm . . . ." *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016) (citing *Harrison v. Culliver*, 746 F.3d 1288, 1299 (11th Cir. 2014)). The Eleventh Circuit has also found a substantial risk of harm where prisoners were housed in conditions that included routine understaffing, dysfunctional locks on cell doors, and the ready availability of homemade weapons. *See Marsh v. Butler Cty.*, 268 F.3d 1014, 1030, 1034 (11th Cir. 2001) (en banc) ("[A]n Eighth Amendment violation can arise from unsafe conditions of confinement even if no assault or similar physical injury has yet occurred." (citing *Helling*, 509 U.S. at 33-34, *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007); *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993) (holding that "evidence presented at trial of an unjustified constant and unreasonable exposure to violence" in a prison "inflicted unnecessary pain and suffering" under the Eighth Amendment standard).

"[A]n official responds 'in an objectively unreasonable manner if he knew of ways to reduce harm but knowingly declined to act or if he knew of ways to reduce the harm but recklessly declined to act.'" *Johnson v. Boyd*, 701 F. App'x 841, 847 (11th Cir. 2017) (quoting *Rodriguez v. Sec'y for Dep't of Corrs.*, 508 F.3d 611, 620 (11th

Cir. 2007)). Prisoners have "a constitutional right to be protected from the constant threat of violence and from physical assault by other inmates." *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) (*per curiam*). Constitutional conditions of confinement include the requirement to "take reasonable measure[s] to ensure the safety of the inmates." *Gates v. Cook*, 376 F.3d 323, 332 (5th Cir. 2004) (citing *Farmer*, 511 U.S. at 832). "[H]aving stripped [prisoners] of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer*, 511 U.S. at 833.

Metro Jail failed to implement effective classification and housing policies, which resulted in violence by commingling prisoners who ought to be kept separate within the same housing units. *See Marsh*, 268 F.3d at 1014 (lack of classification and risk assessment system constitutes deliberate indifference where inmates were harmed by other inmates because housing assignments did not account for the risk violent prisoners posed).

**B.** **Sam Cochran and Noah Price Oliver, III's Motion to Dismiss is Due to be Denied**

In addition to repleading by reference the Plaintiff's previous brief in opposition to the Motion to Dismiss, Plaintiff also here addresses the new argument made by the Defendants, Doc. 54, PageID.297. Defendants protest that the allegations from hearsay, news reports, and observations from a letter from the Department of Justice, are not admissible nor even provable at this stage. Plaintiff's allegations, however,

need only be "plausible" to survive a Fed. R. Ci. P. 12(b)(6) motion to dismiss. The sources cited in the Complaint merely add weight to the Plaintiff's argument that the allegations are neither implausible nor based upon mere "labels and conclusions, and a formulaic recitation of the cause of action," as defined by *Bell Atlantic Corp v. Twombley*, 550 U.S. 544, 555 (2007). Whether the Defendants were put on notice by the multitude of danger signs is a fact issue to be reserved to later.

Finally, Defendants' assertion that an individual detainee cannot bring a Fourteenth Amendment claim based upon the generalized risks posed to the facility inmates is just flat wrong. *Marbury v. Warden*, 936 F.3d. 1227, 1233 (11th Cir. 2019)*; and see generally*, Plaintiff's argument at Doc. 49, PageID.249-255.

C. **Mobile County, Alabama's Motion to Dismiss is Due to be Denied**

The County's Motion also demands that the Plaintiff prove his case by admissible evidence at the pleading stage. Plaintiff has alleged that the Jail's own Warden raised the "inadequate physical space" for the processing of inmates in the news coverage of the attack upon Joshua. The County does not dispute that it has a statutory obligation to provide for the Jail, even if they are not obligated for the daily operations of the Jail. Because the Plaintiff has fully alleged that inadequate size of the facility was a cause of the assault, Defendant's dispute of the facts (*See* PageID.304-305) is just not appropriate at this stage.

The Defendant also appears to argue that the Plaintiff's claim against the County somehow contradicts or otherwise undercuts his claims against the Correctional

Officers and other Defendants.  *See* PageID.304.  Even if that were true, a Plaintiff can plead and pursue alternate theories of recovery, even if they are inconsistent.  *See* Fed.R.Civ.P. 8(d)(3); *Cleveland v. Policy Management Systems Corp*. 526 U.S. 795, 805 (1999); *United Technologies Corp. v. Mazer*, 556 Fed.3d. 1260, 1273-74 (11th Cir. 2009).  This holds true even if one of the Plaintiff's claims requires that it be the "but-for" cause of the injury. (Defendant County calls it the "moving force" behind the constitutional deprivation.)  *See Goodridge v. Siemens Energy, Inc*., 276 F.R.D. 540, 542 (N.D. Ala. 2011); *See also, Fishman; Tobin, Inc. v. Tropical Shipping & Construction Co.,* 240 F.3d. 956, 965 (11th Cir. 2001).

    WHEREFORE, Plaintiff reiterates its arguments posed in Doc. 49, PageID.242-260, that all Defendants' Motions to Dismiss are due to be denied.

    Respectfully submitted this 31st day of January, 2020.

*s/ Henry Brewster*
Henry Brewster (BREWH7737)
HENRY BREWSTER, LLC
205 North Conception Street
Mobile, Alabama 36602
Tel: 251-338-0630
Email: hbrewster@brewsterlaw.net

*s/ Henry F. (Hank) Sherrod III*
Henry F. (Hank) Sherrod III (SHERH1200)
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, Alabama 35630
Phone: 256-764-4141
Fax: 877-684-0802
Email: hank@alcivilrights.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I certify that on the 31st day of January, 2020, the foregoing document was filed using CM/ECF system, which will send notice to all parties:

Jay M. Ross
Jay.ross@arlaw.com

Neal C. Townsend
Neal.townsend@arlaw.com

K. Paul Carbo, Jr.
Paul.carbo@atchisonlaw.com

Michael M. Linder, Jr.
Michael.linder@atchisonlaw.com

*/s/Henry Brewster*